[No. 24142. Department Two. March 10, 1933.]

THE STATE OF WASHINGTON, *on the Relation of W. A. Dryden, Respondent,* v. C. H. RENSCHLER, *as County Auditor of Pierce County, Appellant.*[1]

[1]Reported in 19 P. (2d) 931.

224

*Bertil E. Johnson* and *D. D. Schneider*, for appellant.
*Rickabaugh & McElroy*, for respondent.

BLAKE, J.—This action was brought by relator, as a taxpayer of Pierce county, to enjoin the defendant, the county auditor, from issuing a warrant for $1,500 on account of the purchase price of a road grader sold and delivered to the county for use on roads in "Road District No. 2." From a decree granting the injunction, defendant appeals.

It is relator's contention that the county commissioners, in making up the budget for 1932, did not make any provision for the purchase price of the grader in question, and further, that an old grader, which had been discarded, could have been repaired—thus avoiding the necessity of purchasing a new one.

This latter contention is without merit. The expediency of repairing the old or purchasing a new grader was peculiarly within the discretion of the commissioners. The court will not inquire into their decision on such a question in the absence of fraud—of which there is no charge here.

It is next contended by relator that the purchase of the grader calls for a "capital outlay" under

the so-called county budget act (Rem. Rev. Stat., §§ 3997-1 to 3997-10, inclusive), and that no provision was made therefor in the budget. Rem. Rev. Stat., § 3997-2, provides:

". . . estimates, appropriations and expenditures shall be classified under the general classes . . . (2) maintenance and operation (3) capital outlay . . . Expenditures coming under the general class of 'maintenance and operation' shall be classified according to the standard classification established by the said Division of Municipal Corporations."

Pursuant to this provision, the division of municipal corporations, in directions to class "A" counties concerning the distribution of expenditures, has included the following:

"MAINTENANCE AND OPERATION . . .

"(30) Movable Equipment and Machinery. Charge under this head to the . . . fund . . . affected all expenses of . . . replacement of . . . tractors . . ."

While Pierce county is not a class "A" county, we think the classification is reasonable, and applicable as well to first class counties. We conclude that the proposed expenditure does not call for "capital outlay."

█ In making up the budget for 1932, the county commissioners filed an estimate for "Road District No. 2 Fund," as follows:

"Detail — Maintenance & Operation. Maintaining County Roads in Road District No. 2 (Commissioner's Dist. No. 2), including cutting weeds and brush; opening and renewing culverts; dragging; ditching; resurfacing; oiling and re-oiling roads; hiring of teams and equipment; wages for supervisors, clerks, foremen, shop foremen, mechanics, and labor; purchase of gas, oil and tires; repairs to equipment and replacement of equipment; explosives; insurance; medical aid;

office expenses; right-of-way; surety bonds; freight of materials, etc.; rebuilding, repairing, redecking, sand-blasting, painting and repainting of bridges and wharves and approaches thereto; and old claims, $76,000.''

After hearing was had on the budget, the estimate was confirmed and a levy made to cover it—all in compliance with Rem. Rev. Stat., § 3997-4. Taxes have been collected pursuant to the levy, and there is now a sufficient amount in ''Road District No. 2 Fund'' to pay for the grader.

The relator contends, however, that no part of such fund is available for payment of the purchase price of the grader, because the estimate for ''Road District No. 2 Fund'' was not detailed and itemized, as required by Rem. Rev. Stat., § 3997-1. That section provides:

''The county commissioners shall submit to the auditor a detailed statement showing all new road and bridge construction to be financed from the county road and bridge fund, each separate road district fund, the permanent highway fund and from bond issues theretofore issued, if any, for the ensuing fiscal year, together with the cost thereof as computed by the county engineer or for constructions in charge of a special engineer, then by such engineer, and it shall be the duty of such engineer to prepare such estimates of cost for the county commissioners. They shall also submit a similar statement showing the road and bridge maintenance program as near as can be estimated.''

It seems too plain for argument that the estimate in question does not comply with the foregoing provisions. In making up the estimate, the commissioners violated the plain provisions of this section, and may have rendered themselves liable to the penalty provided for therein, or in § 3997-10—a question, however, not here for determination. But it does not fol-

low that the proposed disbursement of money from the fund is illegal, or that relator has any right, as a taxpayer, to challenge it.

Rem. Rev. Stat., § 3997-5, provides:

"Transfers between the general classes provided in section 3997-2 hereof shall not be permitted, except that in the case of appropriations for the county road and bridge fund, the road district funds and the permanent highway maintenance fund any transfer between and/or among the general classes of . . . (2) maintenance and operation . . . may be made."

Assume that the $76,000 had been allocated equally between the nineteen separate classifications of the estimate, and that the amount allocated to "repairs of equipment and replacement of equipment" had been exhausted. Assume further that, of the amount allocated to "cutting weeds and brush," there remained in excess of $1,500. It seems clear that, by virtue of § 3997-5, the commissioners could have transferred such amount from the latter to the former classification and applied it to the purchase price of the grader. We think it follows, therefore, that, as long as there is any money in "Road District No. 2 Fund," the commissioners may lawfully use it to defray items of expense arising under any classification of the estimate.

The judgment is reversed, and remanded with directions to dismiss the action.

BEALS, C. J., TOLMAN, STEINERT, and MAIN, JJ., concur.